UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUSAN HOLBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,[1]<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>        Defendant. | No. ED CV 05-590-PLA<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |

## INTRODUCTION

On November 15, 2007, plaintiff's counsel, Bill LaTour ("counsel"), filed a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"),[2] and a Memorandum of Points and Authorities in support of the Motion ("P&A"), seeking the amount of $9,799.97 for representing

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 1, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted in place of former Commissioner Jo Anne B. Barnhart as the defendant in this action.

[2] Counsel for the Commissioner notes that since benefits under Title XVI rather than Title II are involved here, section 406 does not apply, and the Motion should have been brought pursuant to 42 U.S.C. § 1382(d)(2)(A). That section permits attorney fees in this case in a manner parallel to that provided under section 406, and counsel is eligible for attorney fees for the work he performed at the district court level. Response, at 3-4.

plaintiff in an action to obtain social security benefits. Counsel indicates that he performed 8.25 hours of attorney services and 12.87 hours of paralegal services in representing plaintiff before the district court.[3] (See Exhibit 6 attached to Motion). Counsel seeks this compensation pursuant to a contingent fee agreement that allows him to receive up to 25% of past-due benefits. The total benefits awarded to plaintiff were $39,199.89, and the total amount sought by counsel is 25% of that award. Defendant filed a Response, stating that it takes no position as to whether the fees requested in the Motion are reasonable. Plaintiff was served with the Motion. She did not file an opposition to the Motion.

The Court has taken counsel's Motion under submission without oral argument. For the reasons stated below, the Court grants the Motion.

## PRIOR PROCEEDINGS

Counsel has represented plaintiff in the instant action since March 2, 2001. On January 25, 2006, judgment was entered remanding the case to defendant for further proceedings. (See Judgment, entered January 25, 2006). On remand, plaintiff was found disabled and was awarded $39,199.89 in retroactive benefits. Counsel seeks a total fee award for work performed before this Court in the sum of $9,799.97, i.e., 25% of the retroactive benefits. Counsel already has been awarded attorney fees of $2,000 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The EAJA award offsets any attorney's fee award payable from plaintiff's past-due benefits, up to the full amount of the EAJA award. Fees of $4,000 were also already awarded to counsel pursuant to 42 U.S.C. § 406(a). Accordingly, the net amount of attorney fees counsel now seeks payable from plaintiff's benefits is $3,799.97. See Declaration of Bill LaTour.

## ATTORNEY'S FEES UNDER THE SOCIAL SECURITY ACT

Section 406(b) provides, in part:

---

[3] Counsel does not calculate the effective hourly attorney or paralegal rates that would result if he were awarded the full amount sought.

2

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht, 535 U.S. at 792.

In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, § 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. The Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements."[4] Id. While courts review fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingent-fee agreements are "the primary means by which fees are set" for the successful representation of social security disability claimants in court. Id. at 807. However, a "court may

---

[4] Under the "lodestar" method, attorney fees are calculated by multiplying the number of hours reasonably expended in representing a client by a reasonable hourly fee. See Gisbrecht, 535 U.S. at 797-98 (discussing application of the "lodestar" method in the Ninth Circuit). The "lodestar" may be adjusted upward or downward to account for a variety of factors. See Gisbrecht, 535 U.S. at 798 (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976)). Courts in this and other circuits look to the following factors to determine whether the lodestar should be adjusted: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Allen v. Shalala, 48 F.3d 456, 458 n. 3 (9th Cir. 1995) (citing Kerr, 526 F.2d at 70), abrogated by Gisbrecht, 535 U.S. 789.

1 | exercise its discretion to reduce an attorney's contractual recovery based on the character of the
2 | representation and the result achieved . . . . In addition, '[i]f the benefits are large in comparison
3 | to the amount of time counsel spent on the case, a downward adjustment is similarly in order.'"
4 | Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1036 (N.D. Cal. 2003), quoting Gisbrecht, 122 S. Ct.
5 | at 1828.

6 |     The Court has conducted an independent check as to the reasonableness of the fee
7 | sought here. Plaintiff retained counsel to represent her in federal court in her social security
8 | disability case, and agreed to pay counsel a contingent fee in an amount equal to 25% of any
9 | past-due benefits award obtained. Under Gisbrecht, the court examines a lawful contingent fee
10 | agreement only to assure that the enforcement of that agreement is not unreasonable. The court
11 | may consider factors such as the character of the representation, the results achieved, the ratio
12 | between the amount of any benefits awarded and the time expended, and any undue delay
13 | attributable to counsel that caused an accumulation of back benefits. Gisbrecht, 535 U.S. at 808.
14 | Consideration of these factors warrants no reduction of the fee sought by counsel. Counsel
15 | obtained a very favorable outcome for his client, resulting in a remand for further proceedings and
16 | ultimately in the payment of past-due benefits. The record discloses no issue regarding the
17 | quality or efficiency of counsel's representation before this Court, or any misconduct or delay by
18 | counsel. The time expended was reasonable to litigate the case to the point where it was
19 | remanded for further proceedings, and the time spent on this matter is well within the norm for
20 | social security disability cases. See, e.g., Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 & n. 2
21 | (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were
22 | awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls
23 | within the approved range," and collecting cases).

24 |     Counsel has not suggested an effective hourly rate for attorney time or for paralegal time
25 | in the Motion. In determining the reasonableness of the award, the Court will apply a generous,
26 | yet reasonable, effective hourly paralegal rate of $200 per hour, for a total in paralegal fees of
27 | $2,574 (i.e., $200 x 12.87). As such, the effective attorney hourly rate amounts to $391.07 (i.e.,
28 | $5,799.97 [after § 406(a) award] - $2,574 = $3,225.97; $3,225.97/8.25 = $391.07). The Court

finds that these rates are reasonable in these circumstances. Most post-Gisbrecht decisions have approved contingent fee agreements yielding hourly rates not far different than those sought here. See Dodson v. Commissioner of Social Security, 2002 WL 31927589, *2 (W.D. Va. Oct. 22, 2002) (rejecting Commissioner's argument that a contingent fee of $5,000 for 7.2 hours of work, or $694.44 per hour, is per se unreasonable "because it fails to account for the nature of a contingent-fee agreement"); Hussar-Nelson v. Barnhart, 2002 WL 31664488, *3 (N.D. Ill. Nov. 22, 2002) (rejecting the argument that an hourly rate of $393.00 for 53.9 hours of work represented a windfall, and collecting pre-Gisbrecht cases awarding contingent fees that translated into hourly rates ranging from $380 to $605); Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1384 (S.D. Ga. 2002) (approving a contingent fee that translated into an hourly rate of $350.49 for 18.70 hours of court representation where there was no evidence of impropriety in making the fee contract and to account for the risk of nonpayment, and collecting pre-Gisbrecht cases that awarded contingent fees amounting to $438 and $380 per hour); Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002) (awarding $10,189.50 for 16.82 hours of court-related work, which represented over $605 per hour); Hearn, 262 F.Supp.2d 1033 (finding de facto rate of $450 per hour to be reasonable, despite it being three times the amount of the EAJA hourly rate). A handful of cases have awarded larger amounts. See, e.g., Droke v. Barnhart, 2005 WL 2174397 (W.D. Tenn. Sept. 6, 2005) ($830.82 per hour not unreasonable for 17.9 hours of work); Claypool v. Barnhart, 294 F. Supp. 2d 829 (S.D. W. Va. 2003) (court awarded fee amounting to $1,433.12 per hour, which represented far less than 25% of the total award of past due benefits, and where plaintiff specifically consented to the award); Brown v. Barnhart, 270 F. Supp. 2d 769 (W.D. Va. 2003) (fee equivalent to $977.20 per hour awarded, after district court rejected a larger amount).

Nothing in the record before the Court suggests that there was any overreaching in the making of the fee agreement or any impropriety on the part of counsel in his representation of plaintiff before this Court. Counsel assumed the risk of nonpayment inherent in a contingency agreement, the agreed-upon contingent fee does not exceed the 25% statutory cap, and counsel's efforts ultimately proved quite successful for plaintiff. Based on existing authority, the fee requested is not so inordinately large in comparison with the number of hours spent by

counsel on the case that it would represent a windfall to counsel. Accordingly, the Court finds that the contingent fee requested by counsel in this case is reasonable.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that: (1) counsel's Motion for Attorney Fees is **granted**; (2) the Commissioner pay plaintiff's counsel the sum of Five Thousand Seven hundred Ninety-nine dollars and Ninety-seven cents ($5,799.97), the amount withheld from plaintiff's past-due benefits (after the § 406(a) adjustment); and (3) plaintiff's counsel is directed to reimburse plaintiff in the sum of Two Thousand dollars and zero cents ($2,000.00), the amount already paid by defendant in EAJA fees.

DATED: January 11, 2008

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE